IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL T. RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-430-S-BN |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action brought by a plaintiff proceeding *pro se* who paid the filing fee has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

Plaintiff Samuel T. Russell named the State of Texas as the sole defendant, but the substance of his claims are against the Texas Education Agency ("TEA"). *See* Dkt. No. 3. On March 21, 2019, the TEA, represented by the Texas Attorney General, moved to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. No. 7. The same day, Russell moved for default judgment. *See* Dkt. No. 8.

Default judgment against the TEA is not proper. Its filing of the motion to dismiss "stayed the time to file a responsive pleading." *FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015) (per curiam) (citing FED. R. CIV. P. 12(a)(4)); *see, e.g., Mayer v. Wells Fargo Bank, N.A.*, No. 15-12503, 2015 WL 7733454, at *5 (E.D. Mich. Dec. 1, 2015) ("Defendant filed a Motion to Dismiss in lieu of an Answer which is allowed

under Rule 12(b)(6). As set forth in Rule 55(a), an opposing party may 'otherwise defend' the action, which Defendant has done by filing a Motion to Dismiss under Rule 12(b)(6). Plaintiff is not entitled to a default judgment since Defendant has appeared to defend the action."); *cf.* FED. R. CIV. P. 55 advisory committee's note, 2007 Amendments, Subdivision (a) ("Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule."); *Landrith v. Gariglietti*, 505 F. App'x 701, 703 (10th Cir. 2012) ("a § 1915(e) motion is effectively treated as a 12(b) motion and, accordingly, as an effort to 'otherwise defend' under the default judgment rule" (quoting Fed. R. Civ. P. 55(a))); *Ross v. Creative Image Techs., LLC*, No. 3:13-CV-3, 2013 WL 2404234, at *2 (W.D. Ky. May 31, 2013) ("Simply put, by filing a motion to stay this proceeding, [defendants] showed a desire to contest the action. Entering a default against them would thus be inappropriate." (citation omitted)).

**Recommendation**

The Court should deny Plaintiff Samuel T. Russell's motion for default judgment [Dkt. No. 8].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 22, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE