IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL T. RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-430-S-BN |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Samuel T. Russell brings this *pro se* action asserting that Defendant Texas Education Agency ("TEA") violated the law by allowing Child Protective Services ("CPS") to remove his child from her elementary school and from his and his wife's custody. *See* Dkt. No. 3.

The TEA moved to dismiss Mr. Russell's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. No. 7. Mr. Russell did not file a response to the motion, and the deadline to do so has passed. But he did file a motion for summary judgment. *See* Dkt. No. 22.

The Court should grant the motion to dismiss under Rule 12(b)(1) and dismiss Mr. Russell's claims for lack of subject matter jurisdiction without the need to address the motion for summary judgment.

**Applicable Background**

Mr. Russell appears to allege that the TEA violated the law by allowing CPS to remove his child from school, following the Texas Department of Family and Protective

Services's obtaining an order for emergency care and temporary custody for the child. *See generally* Dkt. No. 3. He asserts that the TEA should be found in violation of Federal Rule of Civil Procedure 44; 15 U.S.C . § 2078; 18 U.S.C. §§ 1001 & 1203; 42 U.S.C. §§ 1320d & 3617; 25 C.F.R. §§ 11.404 & 11.448; and 34 C.F.R. §§ 99.3(a). *See generally* Dkt. No. 3. While Mr. Russell asserts a violation of 42 U.S.C. § 1983 on the first page of the complaint, he fails to specifically allege a violation of his constitutional rights. *See generally id.* And he seeks both compensatory damages and injunctive relief. *See id.* at 16-19.

## Legal Standards

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof

that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). And where, like here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack of subject is considered "facial," and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).

A "factual" attack on jurisdiction, on the other hand, is based on affidavits, testimony, and other evidentiary material. *See id.* Under such an attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523; *see also Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (quoting *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

"When considering Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court must give the plaintiff an opportunity to be heard, particularly when disputed factual issues are important to the motion's outcome. In some cases, an oral hearing may be indispensable due to the complicated factual disputes underlying the case." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012) (footnotes omitted). But "an oral hearing is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court." *Id.* at 319-20 (footnote omitted).

And "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

## Analysis

The Eleventh Amendment states that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. amend. XI. Interpreting this amendment, the United States Supreme Court has ruled "that 'an unconsenting State is immune from suits

brought in federal courts by her own citizens as well as by citizens of another state.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Employees v. Mo. Pub. Health & Welfare Dep't*, 411 U.S. 279, 280 (1973)).

This immunity may be waived on two occasions. The first is that "a State may consent to suit against it in federal court." *Pennhurst*, 465 U.S. at 99 (citations omitted). And the second is when Congress, "with respect to the rights protected by the Fourteenth Amendment," abrogates a State's Eleventh Amendment immunity. *See id.* Unless a State consents to suit in federal court or Congress abrogates its immunity, "neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *P. R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (quoting *Welch v. Tex. Dep't of Highways &Pub. Transp.*, 483 U.S. 468, 480 (1987)); *accord Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

The Supreme Court has insisted that a State's consent to suit must "be unequivocally expressed." *Pennhurst*, 465 U.S. 99. And the Supreme Court has required "an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'" *Id.* (quoting *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

Against these principles, Mr. Russell's lawsuit must be dismissed for lack of subject matter jurisdiction. While he seeks to bring suit against the State of Texas through the TEA, the United States Court of Appeals for the Fifth Circuit has held that Texas's Eleventh Amendment sovereign immunity "applies to the TEA as it is a state agency." *Ross v. Tex. Educ. Agency*, 409 F. App'x, 765, 769 (5th Cir. 2011) (per

curiam) (citing *P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 144); *see also Fennell v. Tex. Educ. Agency*, 273 F.3d 1100, 2001 WL 1075862, at *1 (5th Cir. Aug. 22, 2001) (per curiam) (affirming dismissal of "all claims against the TEA ... for lack of subject matter jurisdiction based on [its] Eleventh Amendment immunity," which, "'[i]n the absence of consent'" is a "bar to federal jurisdiction ... 'regardless of the relief sought'" (quoting *Pennhurst*, 465 U.S. at 100)).

Here, there is no indication or expression by Texas of consent to suit. *See Pennhurst*, 465 U.S. at 99; Dkt. 7 at 4. Congress has not indicated an intent to waive the State's immunity under the Eleventh Amendment on the facts alleged here. *See id.* And, while there is "'[o]ne narrow caveat to state sovereign immunity' – 'the doctrine, first enunciated in *Ex Parte Young*, 209 U.S. 123 (1908), that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief' against state officials to prevent a continuing violation of federal law because such conduct is not considered to be state action,'" *White v. Spikes*, No. 3:14-cv-389-M-BN, 2015 WL 3504524, at *3 (N.D. Tex. May 28, 2015) (quoting *Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 406-07 (E.D.N.Y. 2010)), that caveat does not apply here – "[o]nly state officials, not state agencies, may be enjoined," *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963-64 (5th Cir. 2014) (citing *P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 146, and concluding that "the district court abused its discretion by exercising jurisdiction over the two state agency defendants, which enjoy sovereign immunity against such exercises of jurisdiction"). The TEA therefore cannot be brought into federal court, and the Court should grant its motion to dismiss under Rule

12(b)(1).

## Recommendation

The Court should grant the Texas Education Agency's motion to dismiss [Dkt. No. 7] under Federal Rule of Civil Procedure 12(b)(1) and dismiss Mr. Russell's claims for lack of subject matter jurisdiction; thus, the Court need not rule on Plaintiff Samuel T. Russell's motion for summary judgment [Dkt. No. 22].

A copy of these findings, conclusions, and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served a copy. *See* 28 U.S. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE